## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 19-283-1 |
| | : | |
| | : | |
| MILTON MATEO GARCIA-VASQUEZ | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Milton Mateo Garcia-Vasquez submits this sentencing memorandum and respectfully requests this Court impose a sentence of 21 months. With a recommended sentencing guideline range of 21 to 24 months, and a statutory maximum of 24 months, a sentence at the lowest end of this range is appropriate considering that Mr. Garcia-Vasquez waived his rights to a jury trial and pleaded guilty, saving this Court and the government resources. Sentencing him above 21 months will result in a sentence greater than necessary to achieve the goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a) and will flout the policy consideration of USSG § 3E1.1. As such, a sentence of 21 months is appropriate.

Mr. Garcia-Vasquez, a Honduran national, first entered the United States in 2013 seeking work to support his family. He was detected by United States Customs and Border Patrol (USCBP) seven days later and was removed shortly thereafter. Presentence Report ("PSR") ¶ 8. He subsequently returned and came to Philadelphia where he found employment in the restaurant industry. PSR ¶¶ 52, 53. On June 24, 2014, Mr. Garcia-Vasquez was arrested and later pleaded *nolo contendere* to rape and related charges. On March 7, 2016, he was sentenced to 22 to 44 years' incarceration by the Honorable Diana L. Anhalt of the Philadelphia Court of Common

Pleas.  Mr. Garcia-Vasquez is currently serving that sentence at SCI Rockview.  In the time he has been there, he has not received a single write-up or disciplinary infraction.  He is taking English classes and works in the kitchen.  Mr. Garcia-Vasquez will reach his minimum release date in 2036 and his maximum release date in 2058.

It is anticipated that the government will seek the statutory maximum sentence of 24 months considering the very serious nature of Mr. Garcia-Vasquez's rape conviction.  The defense acknowledges that this offense was indeed serious and would cause anyone to pause when considering the 18 U.S.C. § 3553(a) factors, most notably the need to protect the public from further crimes of the defendant.  However, Mr. Garcia-Vasquez will be immediately deported to Honduras after serving these sentences.  He knows and understands he is barred from ever entering the United States again.  Should he even attempt to reenter, he will face further prosecution under 8 U.S.C. § 1326(b)(2), as well as any potential sentence for a parole violation (should he be paroled before his maximum 44 year sentence).  A prosecution for illegal reentry in the future will result in a much greater sentence than he faces before this Court, as the statutory maximum will be 20 and the sentencing guidelines will be 51 to 63 months.[1]  As such, any sentence imposed by this Court, including one of 21 months, will both protect the public from further crimes of the defendant, as well as deter Mr. Garcia-Vasquez from ever reentering the United States in the future.

Furthermore, a sentence of 24 months will undermine the policy considerations behind USSG 3E1.1 as Mr. Garcia-Vasquez will not receive any consideration for pleading guilty and

---

[1] Under 2L2.1, the base offense level is 8.  Four levels will be added for the instant conviction under USSG 2L2.1(b)(1)(A), and ten levels will be added under USSG 2L1.2(b)(3)(A), for a total offense level of 22.  Additionally, his criminal history category will be increased from II to III, for a recommended sentencing guideline of 51 to 63 months.

2

waiving all constitutional rights to a trial.  Section 3E1.1 of the Federal Sentencing Guidelines allows for a two or three offense level reduction for defendants that "accept responsibility" for their crimes.  For most defendants, this grants a two to three point reduction in their offense gravity score, effectively reducing their guideline range by an average of about 20%.  The justifications for, and benefits of, USSG § 3E1.1 are essential to a well-functioning justice system.  They include "ensuring efficient and certain punishment, and avoiding potentially lengthy, costly, and emotionally challenging trials." *Ellen M. Bryant*, Section 3E1.1 of the Federal Sentencing Guidelines: Bargaining with the Guilty, 44 Cath. U. L. Rev. 1269, 1273–74 (1995).  Furthermore, "[s]ome judges believe that a defendant who acknowledges his guilt and accepts responsibility for his actions is less likely to commit future offenses.  Judges also acknowledge an interest in rewarding defendants for reducing the burden on the court system." *Id*.  The legislative intention of USSG § 3E1.1 is clear:  it provides strong incentive for individuals to save the government and court the time, money, and resources spent on trials.

      However, in this case, the statutory maximum is 24 months.  Without this statutory maximum, the sentencing guideline range would be 21 to 27 months.  *See* PSR ¶ 59.  With the statutory maximum being the middle of this range, a sentence at the bottom of the guideline range is warranted to account for Mr. Garcia-Vasquez's waiver of all of his constitutional rights afforded at a jury trial.  As outlined in the Government's Change of Plea Memorandum, had Mr. Garcia-Vasquez exercised his constitutional rights to a jury trial, the government would have had to call multiple witnesses including officials from the Bureau of Immigration and Customs Enforcement, deportation agents, individuals to authenticate records, and a fingerprint expert.  Mr. Garcia-Vasquez waived his constitutional rights to a jury trial, as well as any rights to appeal from that jury trial, saving the government and this Court extensive resources.  As such, a

sentence above 21 months would account for this waiver of rights and the legislative intent behind USSG § 3E1.1.

Furthermore, there are no medical or educational considerations for this Court when fashioning an appropriate sentence. It is highly unlikely that Mr. Garcia-Vasquez would be afforded vocational or educational opportunities due to his status as a deportable alien. The presence of an immigration detainer will limit access to programs available to similarly-situated United States citizens, including literary and English as a Second Language programs, as similarly-situated United States citizens. 28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3). In essence, Mr. Garcia-Vasquez will only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled – an unlikely scenario considering budgetary restraints.

For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Mr. Garcia-Vasquez respectfully requests this Court impose a sentence of 21 months.

Respectfully submitted,

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender

4

## **CERTIFICATE OF SERVICE**

I, Nancy MacEoin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Sentencing Memorandum, by electronic notification or hand delivery to her office, upon Mary E. Crawley, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender

DATE:  January 2, 2020